In the Matter of the Application of CHARLES E. COLLINS and ARTHUR E. COLLINS, Doing Business under the Firm Name and Style of CHARLES COLLINS & SONS, Petitioners, against JOSEPH C. BEHAN, Chairman of the Board of Zoning Appeals, and WILLIAM F. BRADLEY and Others, Members of the Board of Zoning Appeals of the City of Troy, Respondents, and WILLIAM MINEY, a Party to This Proceeding by Express Stipulation and Consent, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the board of zoning appeals of the city of Troy in granting a variation from the provisions of the Troy City Zoning Ordinance. The petitioners are the owners of five vacant and undeveloped lots in the rear of and adjoining the premises of the intervenor, William Miney. These five lots are adjacent to a partially developed entrance referred to as Nineteenth Street, but which alleged street has never been dedicated to or formally accepted by the city as a public street. Heretofore and prior to 1938, an application was made for the erection of a gasoline filling station on the corner of the intersection of Nineteenth Street, so called, at Hoosick street. All of the property herein referred to, including the five lots of petitioner, were in " B " residence zone and no objection being made, the variance was granted by the board of zoning appeals and the service station was erected in accordance with plans submitted. In September, 1939, the intervenor commenced the erection of a garage in the rear of the service station on lots on the southerly side of Hoosick street. He apparently had no written permit for the erection of the garage and after objection was made by petitioners and after appeal to the board of zoning

appeals, such permit was granted.  The record does not disclose that the variance granted by the board of zoning appeals was unreasonable, arbitrary, discriminatory or illegal or that the board abused its discretion.  To the contrary, it appears that this garage, erected immediately adjacent to the gasoline filling station, was an accessory to the filling station and might well be considered an essential part thereof.  It would appear that this land was of little or no value unless there could be erected thereon a garage or other accessory to the gasoline filling station.  To accomplish this a variance was necessary.  The board from its investigation apparently determined that unnecessary hardships would result if a permit was refused.  The determination of the board of zoning appeals should be confirmed.  Determination of the board of zoning appeals of the city of Troy, N. Y., confirmed, with fifty dollars costs and disbursements.  Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Bliss, J., dissents on the authority of *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280) and *Matter of Otto* v. *Steinhilber* (282 id. 71).